UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

RADLEY W CHEVANNES                              Case No.: 6:11-bk-17881
DENISE N CHEVANNES

           Debtors.

_____/

## AMENDED MOTION TO APPROVE FINAL MORTGAGE MODIFICATION
### (as to Negative Notice Only)

---

### NOTICE OF OPPORTUNITY TO
### OBJECT AND REQUEST FOR HEARING

      Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the proof of service attached to this paper plus an additional three (3) days for service if any party was served by US Mail. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at George C. Young Courthouse, 400 West Washington Street, Suite 5100, Orlando, FL 32801 and serve a copy on the movant's attorney, A. Clifton Black, Esq, 126 East Jefferson Street, Orlando, FL 32801, and any other appropriate persons within the time allowed.

      If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

      **COME NOW** the Debtors, Radley W. Chevannes & Denise N. Chevannes, by and through their undersigned counsel and file this here Motion to Approve Final Mortgage Modification and in support thereof state as follows:

1.      Debtors filed their Chapter 13 Bankruptcy on June 29, 2011(DOC #1) and their Second Amended Plan on July 30, 2012 (DOC #49).

2.      Debtors' plan was confirmed on October 11, 2012 (DOC #70) and was later modified on May 16, 2016 (DOC #104).

3.        Debtors' Plan was premised on them modifying their first mortgage held by Vericrest now being serviced by Caliber Home Loans ("Caliber")

4.        Debtors received and successfully completed the trial offer from Caliber.

5.        Because of their successful completion of the trial offer, the Debtors have been offered and have accepted the final loan modification offer.  A copy of the Loan Modification Documents is attached hereto as Exhibit "A."

6.        Debtors have successfully completed their plan and have received their discharge (DOC #111).

**WHEREFORE**, Debtor requests this Honorable Court for its Order Approving the Mortgage Modification (Final Modification).

Respectfully submitted,

/s/ A. Clifton Black
A. Clifton Black, Esq.
cblack@cliftonblack.com
Fla. Bar No. 145837
126 East Jefferson Street
Orlando, Florida 32801
Tel: (407) 932-1115
Fax: (407) 839-6183
Attorney for **Debtors**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served either by electronic transmission or by United States First Class mail, postage prepaid, on the 13th day of February, 2017, on the following: Laurie K Weatherford, Chapter 13 Trustee, POB 3450 Winter Park, FL  32790; Caliber Home Loans, Inc., Attn: Loss Mitigation Modification, 13801 Wireless Way, Oklahoma City, OK 73134; Radley W. Chevannes and Denise N. Chevannes, 327 Azincourt Lane, Kissimmee, FL  34759.

/s/ A. Clifton Black

A. Clifton Black, Esq.
Attorney for **Debtors**

**This mortgage is a subprime home loan subject to New York  Banking Law § 6-m.**

[Space Reserved for Recording Information]

### MODIFICATION AGREEMENT – LIMITED TERM INTEREST ONLY

**To the Borrower:  This Agreement contains changes in terms which affect your Loan secured by the Property identified below.  This is a legal obligation and you should read and understand the terms of this Agreement before you sign it.**

**This Agreement (the "Agreement") is dated as of 3/7/2014 but effective as of the Modification Effective Date defined herein, by and between RADLEY CHEVANNES (collectively, the "Borrower") and Caliber Home Loans, Inc., on behalf of the current investor (the "Servicer").**

RECITALS:

A.    Borrower has a mortgage loan, account number 00009800450539 (the "Loan").  This loan is secured by property commonly referred to as 336 SOUTH 6TH AVENUE, MOUNT VERNON, NY 10550 (the "Property").  The legal description to the Property may be attached to this Agreement by the Servicer if required.

B.    Borrower signed the following documents in connection with the Loan:

- Note dated 1/26/2006 in the original amount of $516,000.00 (the "Note").

- Mortgage or Deed of Trust on the Property, recorded in real property records of WESTCHESTER County, NY (the "Mortgage").

- The Note and the Mortgage, together with all documents signed at the same time as the Note and Mortgage are called the "Loan Documents".

C.    The following amounts are outstanding under the terms of the Note:

| | |
|---|---|
| Unpaid Principal: | $332,710.97 |
| Unpaid Interest: | $35,732.22 |
| Other Unpaid Amounts: | $306,582.01 |
| Total: | $675,025.20 |

Included in the Other Unpaid Amounts is $0.00, the amount that Servicer has advanced for real property taxes, insurance, water liens, or other amounts that may have become due with respect to the Property.  This is known as the "Ancillary Amount".

D.    Borrower is in default for failure to make payments or has demonstrated imminent default under the terms of the Note.  Servicer has the right or may have the right to seek remedies for default pursuant to the terms of the Mortgage in order to recover amounts that remain outstanding under the terms of the Note.

E.    Borrower has provided information to Servicer, and Borrower and Servicer want to modify the terms of the Note and Mortgage.

Borrower and Servicer (collectively, the "Parties"), agree as follows:

1.    **Borrower's Representations.**  Borrower certifies that each of these statements is true:

A.    Borrower is experiencing a financial hardship and is either in default for failure to make payments on the Note or will shortly be in default.  Borrower does not have sufficient income or access to sufficient liquid assets to make regular payments on the Note.

B.    The Property has not been condemned or is not subject to condemnation proceedings.

C.    There has been no change in the ownership of the Property since the time the Loan Documents were signed.

D.   Borrower has given Servicer information, all of which is true and accurate, regarding Borrower's income and/or liquid assets (with the exception of any information regarding Alimony and Child Support payments, unless the Borrower wants the Servicer to consider that to be income).

E.   All documents and information Borrower has provided to Servicer in connection with this Agreement are true and correct.

F.   Borrower will obtain credit counseling within 30 days of this agreement if the Servicer requires it.  Borrower will provide proof of credit counseling if required by Servicer.

2.   **Conditions to Effectiveness of Agreement.**   This Agreement will only be effective after each of these events happen:

A.   Borrower must sign and return a signed original of this Agreement to Servicer on or before _____.

B.   Servicer, when it receives this Agreement, will verify the accuracy of Borrower representations.

C.   If the Servicer (in its sole discretion) determines that Borrower's representations are accurate, then Servicer will execute this Agreement and it will become effective as of (the "Modification Effective Date").  If the Servicer determines that the Borrower's representations are not accurate, then the Servicer will notify the Borrower and this Agreement will not become effective.

3.   **Modification of the Loan Documents.**   If all the conditions outlined above are met, then your Loan is modified as follows:

Summary of Modification:  We will reduce the balance on which interest is accruing and we will lower the interest rate for a period of time called the Reduction Period.  During the Reduction Period you will make monthly "interest only" payments (plus escrow and Ancillary payments). Certain amounts are deferred, meaning that the amounts remain outstanding under the terms of the Note, but they will be collected by the Servicer at a later date.  On the Reduction Period End Date, your Loan and interest rate will revert to the terms of your original Note and your payment may increase.  Deferred Amounts will remain deferred.

| | |
|---|---|
| New Principal Balance: | $332,710.97 |
| Modification Interest Rate: | 3.000% |
| Modification Interest Only Payment: | $831.78 |
| Monthly Escrow Payment: | $1,548.81 |
| Ancillary Monthly Payment: | $0.00 |
| Total New Monthly Payment: | $2,380.59 |
| | |
| Reduction Period End Date: | 4/1/2019 |
| Deferred Amount: | $342,314.23 |
| | |
| New Maturity Date (if applicable): | |
| Modification Effective Date: | 4/1/2014 |
| First Modification Payment Date: | 5/1/2014 |

These Definitions apply to the categories above:

**New Principal Balance**: This is the principal balance Servicer has agreed to use for this modification and is used to calculate your payment.  If you successfully complete this modification, this is the principal balance upon which interest will continue to accrue.

**Modification Interest Rate**: This is the interest rate that will be in effect under this Agreement.  This rate is "fixed" and will not change until the Reduction Period End Date.

**Modification Interest Only Payment**: This is the new monthly payment and represents interest due and payable monthly on the New Principal Balance.  You are not required to make a payment toward the reduction of principal until the Reduction Period End Date. Because the interest rate is "fixed" and will not change until the Reduction Period End Date, this amount will not change unless you make payments to be applied toward Principal.

**Monthly Escrow Payment**: This is your monthly payment into an escrow account and this amount is calculated in accordance with the Loan Documents and State and Federal law. This amount may change from time to time if escrow items (primarily taxes and insurance) increase or decrease.

**Ancillary Monthly Payment**: This includes some or all amounts that Servicer has advanced for real property taxes, insurance, water liens, or other amounts that may have become due with respect to the Property. Servicer has spread the repayment of Ancillary Amounts over a period of __0__ months.

**Total New Monthly Payment**: This is the sum of the Modification Interest Only Payment, Monthly Escrow Payment and Ancillary Monthly Payment.

**Reduction Period End Date**: This is the date on which the Modification Interest Rate will revert to the interest rate provided for in the original Note.

**New Maturity Date**: This is the date on which the Note matures.

**Modification Effective Date**: This is the date that interest begins to accrue at the rate set forth in this Agreement.

**First Modification Payment Date**: This is the date on which your first modified payment is due.

**PLEASE NOTE: On the Reduction Period End Date, this Agreement will terminate and the interest rate of your Loan will revert to those in your Loan Documents. This means that your payment may increase because it will include principal and will be calculated using the interest rate provided for in the original Note.**

**By initialing here, Borrower(s) acknowledge that they understand this provision:**

_____
**Borrower's initials**

**Deferred Amount**: The Deferred Amount consists of amounts that are outstanding under the terms of the Note and Loan Documents, but which Servicer has agreed to not collect until payment in full of the debt or the New Maturity Date, whichever happens first. The Deferred Amount can consist of interest outstanding but not paid, outstanding Servicer fees or charges, and advances made by the Servicer.

**PLEASE NOTE: The Deferred Amounts will be collected by the Servicer at the earlier of payment in full of the Note or the New Maturity Date. If the Borrower sells the Property or refinances the Loan, the Borrower will be required to pay this Deferred Amount in addition to any other amounts due at that time. Otherwise, these amounts will remain outstanding on the New Maturity Date and are required to be paid at that time. This means that if the Borrower makes all the payments required by this Agreement the Deferred Amount will still be owed to Servicer.**

**By initialing here, Borrowers acknowledge that they understand this provision:**

_____
**Borrower's initials**

4.    **Events of Default.** Borrower will be in default and Servicer may terminate this Agreement, if:

A.    Borrower fails to make any payments required by this Agreement within 15 days of any due date for a payment, or

B.    Borrower fails to comply with any other terms or conditions created by this Agreement or the Loan Documents.

5.    **Additional Agreements**. The Parties further agree to and acknowledge each of the following:

A.    All persons who signed the Loan Documents must sign this document in person or by an authorized representative (unless an original signor is deceased). Borrower, by signing this Agreement, will be presumed to have read this Agreement and understand the terms of this Agreement.

B.    This Agreement takes the place of any other agreement that Borrower may have or have had in the past with Servicer including any prior modification or forbearance agreements.

C.    This Agreement constitutes notice that any waiver by the Lender, Noteholder or Servicer as to payment of taxes, insurance and other escrow items has been revoked. Where allowed under the Loan Documents, this Agreement established an escrow account for the Loan and Borrower will make monthly payments to an escrow account established by Servicer. These payments will be calculated as required by the Loan Documents. Servicer will not pay Borrower interest on the escrow deposit unless required by State or Federal law.

D.    The Loan Documents are properly and duly executed by all parties who were required to execute them and are a valid, binding obligation of the parties to those documents, and each Loan Document is enforceable in accordance with its terms.

E.    Except as specifically modified by this Agreement, the terms of the Loan Documents are in full force and effect. This Agreement does not replace or release any of the Loan Documents, except as specifically modified by this Agreement.

F.    If the Property is sold, transferred or conveyed to any person or entity without the consent of the Servicer, then if allowed by State or Federal law, Servicer may terminate this Agreement, and require that the balance of the Note together with any fees and other unpaid amounts be repaid in full (meaning that Servicer can accelerate the Note.) In this event, Servicer will give you thirty (30) days notice of Acceleration and if the Note has not been paid in full after that time, Servicer may pursue the remedies in the Mortgage, including foreclosure.

G.    Borrower may not assign and no person other than the Borrower may assume Borrower's rights under this Agreement or the Loan Documents.

H.    The Servicer may choose to waive a default under this Agreement or the Loan Documents, but a waiver of any event of default will not be understood to waive similar defaults in the future or other defaults that may occur.

I.    Borrower hereby confirms that this Agreement represents the entire agreement between Borrower and Servicer with respect to the subject matter herein, and that no other prior terms, obligations, covenants, representations, statements or conditions, oral or otherwise, of any kind whatsoever concerning the modification of the Loan Documents that are inconsistent with the terms of this Agreement shall affect the Loan Documents or negate the operation and effect of this Agreement.

J.    Any expenses incurred in connection with the servicing of the Loan, but not yet charged to the Loan account as of the date of this Agreement, may be charged to the Loan and secured by the Mortgage after the Modification Effective Date.

K.    If Servicer makes advances for payment of taxes or insurance, accrues interest or posts late or other fees to the Loan, each of which is permissible under the Loan Documents to add to amounts outstanding under the Note, between the date Servicer generates this Agreement and the date this Agreement is fully executed, then Servicer may adjust the Monthly Escrow Payment, Ancillary Monthly Payment and Total Monthly Payment amounts above as necessary to account for repayment of these amounts. Servicer will send an appropriate written notice of adjustment to Borrower.

L.    Borrower will execute such other documents or papers as may be reasonably necessary or required by Servicer to effectuate the terms and conditions of this Agreement.

M.    Borrower is advised that forgiveness of debt (if applicable) may have adverse credit and legal consequences and may result in taxable income to Borrower. Borrower is advised to seek advice from an attorney, certified public accountant or other expert regarding potential consequences of any principal reduction. Borrower hereby acknowledges that Servicer is giving Borrower no such advice.

N.    To the extent Servicer may deem it necessary, Borrower will cooperate with Servicer to the extent any filing or action is required in Borrower's Bankruptcy Case in order to (a) obtain approval of this agreement, (b) modify Borrower's bankruptcy plan (if Borrower is in a Chapter 13 bankruptcy), or (c) amend the proof of claim filed by Servicer with respect to this debt.  If you are presently subject to a proceeding in Bankruptcy Court, the terms of this Agreement may need to be approved by the Court.

**NOTICES TO CONSUMERS PRESENTLY IN BANKRUPTCY OR WHO HAVE A BANKRUPTCY DISCHARGE:**

**In the event you are subject to an "Automatic Stay" issued by a United States Bankruptcy Court, this communication is not intended to collect, assess, or recover a debt.**

**In the event the referenced debt has been discharged in Bankruptcy, this communication is not intended to collect, assess, or recover a debt, does not alter or amend the terms of that discharge, and is not a "reaffirmation" of the debt.  Nor does this communication constitute either a demand for payment or a notice of personal liability.**

**Unless the Bankruptcy Court has ordered otherwise, please also note that despite any Bankruptcy filing, whatever rights we hold in the Property that secures the obligation remain unimpaired. This means that, unless otherwise ordered by the Bankruptcy Court, if the requirements of the Loan Documents are not met and the "Automatic Stay" is no longer in effect, we can pursue whatever *in rem* rights we hold in the Property pursuant to the Mortgage, such as the right to foreclose.**

**This notice is not intended as legal advice.  You should consult your lawyer if you have any legal questions about your rights.**

Whereof, Servicer and Borrower have executed this Agreement as of the dates indicated below.

_____
RADLEY CHEVANNES

Date:  _____

Account Number: 00009800450539

Caliber Home Loans, Inc., on behalf of the current investor

By:  _____

Date:  _____